UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ANTHONY AVOLA, *et al.*,

                         Plaintiffs,

    -against-

LOUISIANA-PACIFIC CORPORATION,

                         Defendant.

----------------------------------------------------------------x

**MEMORANDUM & ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**

11-CV-4053 (PKC)

PAMELA K. CHEN, United States District Judge:

This Court presumes the parties' familiarity with the facts in this case, as well as its decision *granting* summary judgment to Defendant Home Depot U.S.A., Inc., but *denying* summary judgment to Defendant Louisiana-Pacific Corporation ("Louisiana-Pacific"), *see Avola v. Louisiana-Pacific Corp.*, No. 11-CV-4053, 2013 WL 4647535 (E.D.N.Y. Aug. 28, 2013) (Chen, J.). On October 2, 2013, Louisiana-Pacific moved for this Court's reconsideration of its summary judgment decision. (Dkt. No. 36.) Louisiana-Pacific's motion is DENIED, for the reasons set forth below.

Louisiana-Pacific raises no arguments that "point to controlling decisions or data that the court overlooked," such that this Court, in its discretion, should reconsider its summary judgment decision. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (Calabresi, J.). Most of the arguments in Louisiana-Pacific's motion—*i.e.*, that the Related Statements are hearsay and may not be used to show that Avola relied on the Advertisement, as recited therein, and that the Advertisement and Related Statements are mere puffery and not actionable without a working definition for "wood" or "traditional wood siding" (Dkt. No. 37 ("Def. Br."), at 8-16)—are

merely attempts to "relitigate" issues that this Court's summary judgment decision already addressed, without citing to anything it "overlooked." *Shrader*, 70 F.3d at 257.

At best, only one argument—that Avola failed to wear eye protection, despite the warnings, which, according to Louisiana-Pacific, establishes that the *cause* of Avola's injury was his own failure and not the breach or falsity of the Advertisement (Def. Br., at 16-17)—stands out as a possible basis for reconsideration, as it involves an issue that this Court did not address in its summary judgment decision. The argument, however, does not "alter" this Court's conclusion that a triable issue of fact remains as to the causation element, *Avola*, 2013 WL 4647535, at *13-14. *Shrader*, 70 F.3d at 257. Although Avola's own failure—as opposed to just the failure of LP SmartSide to "perform in accord with a promise voluntarily made," 1 N.Y. Prods. Liab. § 15:2—allegedly *contributed* to causing his injury, an issue of "plaintiff's alleged contributory negligence" does not justify the dismissal of the breach of express warranty and false advertising claims against Louisiana-Pacific on summary judgment. *See Cereo v. Takigawa Kogyo Co., Ltd.*, 676 N.Y.S. 2d 364, 365 (4th Dep't 1998); *accord Sylvestri v. Warner & Swasey Co., Inc.*, 398 F.2d 598, 601-602 (2d Cir. 1968) (affirming "the jury's further finding that the express warranty was breached and that this breach was a proximate cause of the accident," in spite of evidence that the plaintiff had made "numerous complaints" about the problems with the product which eventually caused his accident).

\* \* \*

In denying reconsideration of its summary judgment decision, this Court directs the parties to prepare and submit a joint pre-trial order, in compliance with this Court's Individual Rules, by March 18, 2014, which is the date that Magistrate Judge Arlene R. Lindsay has scheduled for a final conference. At such time, this Court will schedule a pre-trial conference, in anticipation of trial.

SO ORDERED:

 /s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: January 14, 2014
       Brooklyn, New York